UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARY WAGEMANN, et al.                                    CIVIL ACTION

VERSUS                                                   NO: 09-3506

DOCTOR'S HOSPITAL OF SLIDELL,                            SECTION "C"(2)
LLC, et al.

ORDER AND REASONS[1]

Before the Court is Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for the Plaintiff's failure to (a) plead fraud with the requisite particularity and (b) state a cause of action under the False Claims Act ("FCA"). (Rec. Doc. 37). Having considered the memoranda of counsel, the record, and the applicable law, the Defendants' Motion is DENIED for the following reasons.

**I. Background**

Relator Mary Wagemann ("Plaintiff" or "Relator") brings this qui tam action personally and on behalf of the United States. 31 U.S.C. § 3730(b)(1). The Relator is a registered nurse who was employed at Defendant Doctor's Hospital of Slidell, LLC from May 5, 2003 until May 27, 2008. During her time at Doctor's Hospital, the Relator was appointed the Director of Case Management/Utilization Review. (Rec. Doc. 1 at 8). Her job responsibilities included reviewing patient records, assessing patient care, reviewing management procedures, and preparing data analysis. (Rec. Doc. 1 at 8). As part of her job, the Relator had access to patient and billing records. (Rec. Doc. 1 at 5). She has alleged in the Complaint that the Defendant Hertzak and the hospital administrators instructed hospital personnel to falsify, alter, change or ignore changes made to medical records, vouchers, invoices, and claims submitted to Medicare and Tri-Care. (Rec. Doc. 33 at

---

[1]Helen Meaher, a third-year student at Tulane University School of Law, assisted in the preparation of this Order and Reasons.

6). She claims to have personally observed personnel making altercations to medical records, vouchers, invoices, and claims. (Rec. Doc. 33 at 6). The Relator provides examples of how Defendant Hertzak performed cosmetic surgery and other procedures under the guise of covered procedures and falsified the patients charts so that patients would be held for additional days. (Rec. Doc. 33 at 4-6). Additionally, the Relator alleges that Medicare and Tricare were billed for the medically unnecessary procedures. (Rec. Doc. 33 at 7)  In 2004, the Defendant Doctor's Hospital received a two million dollar overpayment from Medicare, which was not returned. (Rec. Doc. 33 at 7). Shortly after the Relator expressed her concerns about the fraudulent conduct to the Hospital's CEO, her employment was terminated. (Rec. Doc. 1 at 8-9).

**II. Law and Analysis**

a) Federal Rule of Civil Procedure 9(b)

Rule 9(b) states, when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Fifth Circuit has found that to plead fraud with particularity, a plaintiff must provide the "time, place, contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby." *See, e.g. U.S. ex rel. Russell v. Epic Healthcare Management Group*, 193 F.3d 304, 308 (5th Cir. 1999); *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997); *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994). In simpler terms, Rule 9(b) requires a plaintiff to plead the "who, what, when, where, and how" of the alleged fraud. *U.S. ex rel. Thompson v. Columbia/HCA Healtcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997).

Additionally, Rule 9(b) is supplementary to Rule 8(a). *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009); *WMX Techs.*, 112 F.3d at 178. Rule 8(a) requires a plaintiff to plead "enough facts [taken as true] to state a claim of relief that is facially plausible. Fed. R. Civ. P. 8(a). In *Grubbs*, the Fifth Circuit held that Rule 9(b)'s particularity requirements could be

satisfied by "simple, concise, and direct allegations of the circumstances constituting fraud" that, taken as true, make relief plausible on its face. 565 F.3d at 186. The Fifth Circuit also held that Rule 9(b) application is context-specific, so there is no single construction of Rule 9(b) that applies in all contexts. *Id.* at 188. Additionally, the Court found that the degree of particularity is influenced by the nature of the claim, rather than by the application of a "single court-articulated standard." *Id.*

b) False Claims Act

The FCA assigns civil liability for (1) the presentment of a false claim to the United States government, (2) the use of a false record or statement to get a false claim paid, and (3) conspiracies to get a false claim paid. *Id* at 183-184. Qui tam claims brought under the FCA must comply with Rule 9(b). FCA claims may be brought by the Attorney General or by private individuals, known as relators. In *Grubbs*, the Fifth Circuit was presented with the issue of determining the necessary degree of particularity when pleading the actual details of a false claim under the FCA. *Id.* at 188. The Fifth Circuit ultimately had to clarify the depth of factual detail demanded under the "time, place, contents, and identity" standard. *Id.* The Court held that the standard is not a "straitjacket for Rule 9(b)" and that the rule possesses a flexible nature. *Id.* As a result, the "time, place, contents, and identity" standard is adaptable to the nature of the claim.

In the present case, the available facts provide enough specificity and factual particularity to show the circumstances in which various fraudulent actions may have occurred. Thus, the Relator has satisfied the requirements of Rule 9(b). Additionally, the information provided in the Complaint satisfies the elements of pleading fraud in a FCA claim. The Relator has alleged in the Complaint that the Defendants conspired to submit billing records based on false hospital records in order to receive additional funding from Medicare, and such actions have defrauded the United States Government. The *Grubbs* court held that in order to prove a FCA conspiracy, a relator must show "(1) the existence of an unlawful agreement between the defendants to get a false or fraudulent claim... paid

by [the Government] and (2) at least one act performed in furtherance of that agreement. 565 F.3d at 193. Here, the Relator has met these two requirements within her allegations set forth in the Complaint.

She has also met the requirements for pleading fraud with particurality. In order to fulfill the requirements of particularity in a FCA claim, the complaint can allege the particular details of a scheme to defraud the government along with "reliable indicia that lead to a strong inference that the claims were submitted." *Grubbs*, 565 F.3d at 190. Here, the Relator explains who was involved with the operation of submitting false claims and provides a general overview of how this operation worked during her tenure at Doctor's Hospital. The Relator also showed that the Defendants acted with the requisite intent of getting a false claim compensated by the government. Furthermore, the Relator alleges in the Complaint that she informed Hertzak about her concerns regarding the falsified records, and Hertzak informed her to ignore it, (Rec. Doc. 33 at 6), which suggests that the Defendants acted in deliberate ignorance of the truth. The allegations within the complaint are not merely suggestive or conclusory as the Relator has provided specific facts regarding this fraudulent conduct aimed at defrauding the government

Accordingly,

IT IS ORDERED that the Defendants' Motion to Dismiss is DENIED.

New Orleans, Louisiana this day of 25th October, 2010.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE